ODELL WAYNE v. THE STATE.

No. 13797. Delivered December 10, 1930.

The opinion states the case.

*D. T. Moore,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

A private residence was burglarized in the daytime, and a quantity of property taken therefrom, including quite a number of Victrola records. Appellant was familiar with the house of prosecuting witness, and was in the neighborhood thereof on the morning of the burglary, a neighbor witness testifying that appellant left his house that morning saying he was going over to the house of Stewart,—the alleged burglarized house. No one was at home in said house that morning. A wit-

ness testified for the State that he was asked by appellant that night to take him in a car out on that road. Appellant gave as his reason for wanting to go, that he wanted to see his boss man. The witness testified when they reached a point about a mile from the alleged burglarized house, appellant had the car stopped and went under a bridge and brought therefrom to the car three packages. Appellant then informed witness that he wanted to hurry back and catch the bus going to Grandview, which town lay north from Itasca, the nearest point and the point to which witness drove appellant. When they got to Itasca witness observed that appellant got on the southbound bus instead of the north bound. The testimony further shows that appellant was afterwards brought back by an officer from Bastrop, Texas. The officer who brought him back testified that a certain package which he had was given him by the sheriff of Bastrop county, and that he brought it home with him at the same time he brought appellant. The package was produced in court, opened and found to contain a large number of Victrola records which were identified in the presence of the jury by the owner of the alleged burglarized house. We think the testimony sufficient to justify the conclusion of guilt. There is but one bill of exception in the record, which complains of the overruling of the motion for new trial. There was nothing in said motion other than a formal complaint of the verdict being against the law and the evidence.

No error appearing, the judgment will be affirmed.

*Affirmed.*